UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>v.<br><br>JAMES DENNIS HEDGECOTH,<br><br>                                    Defendant. | Case No.: 20cr2032 WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) ("Motion for Compassionate Release," ECF No. 69) filed by Defendant James Dennis Hedgecoth.

### BACKGROUND

On October 15, 2020, Defendant pleaded guilty to one count of Importation of Methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. (ECF No. 32.)

On July 22, 2021, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 68 months of imprisonment, followed by a four-year term of supervised release. (ECF No. 68.)

On June 29, 2022, Defendant filed the Motion for Compassionate Release, requesting that this Court order a reduction in his sentence pursuant to 18 U.S.C. §

1

3582(c)(1)(A). (ECF No. 69.) Defendant asserts that the following "extraordinary and compelling reasons" exist for his release:

> [Defendant's] mother Mildred Willis has legal custody of [Defendant's] biological, special needs 15 year old son … and due to her severe health conditions, and her needing assistance herself, she can no longer provide for his needs. There is no other family member who can provide for [Defendant's son].

*Id*. at 5.

On July 22, 2022, Plaintiff United States filed a Response in opposition to the Motion for Compassionate Release. (ECF No. 71.) Plaintiff contends that Defendant has failed to present extraordinary and compelling reasons warranting a sentence reduction.[1] Plaintiff asserts that "Defendant has not provided evidence that his mother is 'incapacitated'" and "Defendant does not show that there are no other caregivers available for his child." *Id*. at 11, 12. Plaintiff further contends that the 18 U.S.C. § 3553(a) factors weigh against Defendant's release.

## DISCUSSION

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quotations omitted). "Congress created a limited exception to this rule by authorizing courts to grant compassionate release when 'extraordinary and compelling reasons' warrant a reduction in sentence." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "As compassionate release derogates from the principle of finality, it is a narrow remedy, and the court's disposition of a compassionate release motion is discretionary, not mandatory." *Id*. at 944-45 (quotations omitted).

"The First Step Act grants courts the discretion to consider compassionate release

---

[1] Plaintiff does not dispute that that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). The Court finds that Defendant has adequately demonstrated that he exhausted his administrative remedies. *See* ECF No. 69 at 3, 13.

motions on an individualized basis," although "the exercise of this discretion is controlled by three substantive considerations." *Id*. at 945 (citations omitted). "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must evaluate whether a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)). "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case."[2] *Id*. (quotation omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id*. (citation omitted).

"[While] '[t]he Sentencing Commission's [policy] statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant,' they cannot be treated as binding constraints on the court's analysis." *Id*. (quoting *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021)). This non-binding policy statement "requires a court to determine that '[t]he defendant is not a danger to the safety of any other person or to the community' before granting compassionate release." *Id*. (quoting U.S.S.G. § 1B1.13(2)).

In this case, Defendant asserts that the extraordinary and compelling reason warranting his release is that his mother, who is his son's caregiver, suffers from "severe health conditions" and "can no longer provide for [Defendant's son's] needs." (ECF No. 69 at 5.) As recognized by the Sentencing Commission's non-binding policy statement, the

---

[2] These factors include, among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a); *see also Wright*, 46 F.4th at 945 n.4.

incapacitation of the sole available caregiver of a defendant's minor child is the type of extraordinary and compelling reason that can warrant a sentence reduction. *See* U.S.S.G. § 1B1.13, cmt. n.1(C). However, Defendant does not support these factual assertions with evidence or details concerning the nature of his mother's health conditions. Without such evidence and additional details, the Court is unable to assess whether Defendant's mother is incapacitated and unable to care for Defendant's son. The Defendant bears the "burden to establish his eligibility for compassionate release." *Wright*, 46 F.4th at 951. The Court finds that Defendant failed to satisfy his burden of showing that extraordinary and compelling reasons warrant a sentence reduction.

Even if Defendant had made such a showing, the Court next "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Id*. at 945 (quotation omitted). As outlined in the Presentence Investigation Report, Defendant has an extensive criminal history. (ECF No. 36.) This criminal history involves numerous convictions, including crimes resulting in him being a registered sex offender, and prior narcotics-related convictions.[3] The Court finds that Defendant's personal history and characteristics, the nature and seriousness of his narcotics-related offense, and the need for Defendant's sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public all weigh against reducing Defendant's sentence. *See* 18 U.S.C. § 3553(a). Defendant has served approximately 26 months of his 68-month custodial sentence. Releasing Defendant after 26 months in custody would risk creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The Court finds that

---

[3] Prior to sentencing, Defendant objected to the Presentence Investigation Report's characterization of certain of his prior convictions as felonies and/or violent offenses. (*See* ECF Nos. 43, 58.) Even accepting Defendant's arguments made in these objections, Defendant's criminal history is fairly characterized as extensive, including multiple narcotics-related offenses and offenses requiring Defendant to register as a sex offender.

the relevant § 3553(a) factors weigh against reducing Defendant's sentence. For this reason alone, the Motion for Compassionate Release is denied.

Finally, the Court considers the Sentencing Commission's non-binding policy statement that compassionate release should only be granted if the Court determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). In making this determination, a court considers: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger the defendant would pose to others upon release. *See* 18 U.S.C. § 3142(g). In this case, Defendant has made no argument and submitted no evidence related to any of these factors. As discussed above, Defendant's criminal history and the nature and circumstances of the offense weigh against a finding that "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Even considering the non-binding policy statement of the Sentencing Commission, the Court finds that the Motion for Compassionate Release should be denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Compassionate Release is denied. (ECF No. 69.)

Dated: October 6, 2022

Hon. William Q. Hayes
United States District Court